Filed 11/20/15  P. v. Lara CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JUAN CARLOS ORTEGA LARA, Defendant and Appellant. | D068687 (Super. Ct. No. RIF1301679) |

APPEAL from a judgment of the Superior Court of Riverside County,

Larrie R. Brainard, Judge.  (Retired judge of the San Diego Sup. Ct. assigned by the

Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jennifer Peabody, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General,

Arlene A. Sevidal and Junichi P. Semitsu, Deputy Attorneys General, for Plaintiff and

Respondent.

INTRODUCTION

A jury convicted Juan Carlos Ortega Lara of four counts of aggravated assault (rape) of a child under age 14 and at least seven years younger than him (Pen. Code,[1] §§ 261, subd. (a)(2), 269, subd. (a)(1); counts 1, 3, 5, 7); three counts of committing a lewd act on a child under age 14 by force, fear or duress (§ 288, subd. (b)(1); counts 2, 4, 6); and five counts of committing a lewd act on a child under age 14 (§ 288, subd. (a); counts 8-12). The jury also found true an allegation Lara committed the crimes against more than one victim (§ 667.61, subd. (e)(4)). Lara committed the crimes in counts 1 through 6 against the victim referred to by the trial court as Jane Doe 1 and the crimes in counts 7 through 12 against the victim referred to by the trial court as Jane Doe 2 (§§ 293, 293.5).

The court sentenced Lara to a total indeterminate sentence of 60 years to life. The sentence consisted of consecutive indeterminate sentences of 15 years to life for counts 1, 3, 5 and 7; indeterminate sentences of 15 years to life for counts 2, 4, 6, and 8, which the court stayed under section 654; and concurrent indeterminate sentences of 15 years to life for counts 9 through 12.

BACKGROUND

According to statements Doe 1 made to police, Lara repeatedly brought her into his room, laid her on his bed, unbuckled his pants, pulled down her pants, placed her on top of him, put his penis in her vagina, grabbed her buttocks, and rocked her. This

---

[1]     Further statutory references are also to the Penal Code unless otherwise stated.

conduct occurred approximately three times a week when Doe 1 was between the ages of six and eight (counts 1-6).

According to statements Doe 2 made to police, Lara called her into his room pulled her pants down to her knees, rubbed her vagina over her underwear, and then put his hand under her underwear and inside her vagina.[2] On another occasion, he called her into his room, placed her on her back on his bed, pulled his pants down to his knees, pulled her pants and underwear down to her knees, got on top of her and put his penis in her vagina for about 10 minutes (count 7). On five other occasions, he came into her room and tried to pull her pants down (counts 8-12). The first two incidents occurred when Doe 2 was seven years old. The parties dispute whether the last five incidents occurred when Doe 2 was seven or when she was nine (see Discussion, *post*).

Doe 1 and Doe 2 subsequently recanted their statements and most of the evidence presented at trial related to the credibility of the recantations. We omit a summary of this evidence because the jury ultimately disbelieved the recantations, the parties do not dispute the jury's determination on this point, and recounting the evidence would effectively reveal Doe 1's and Doe 2's identities, undermining the purpose of their Doe designations.

---

[2]    It does not appear from the record the prosecution filed any charges against Lara for this incident.

3

DISCUSSION

The crimes charged in counts 8 through 12 were based on Lara's attempts to pull Doe 2's pants down while she was in her bedroom.  The operative first amended information (information) alleged these crimes occurred "on or about June 3, 2006, through and including June 2, 2007," or when Doe 2 was seven years old.

Lara contends there was insufficient evidence to support his convictions for these crimes because there was insufficient evidence he went into Doe 2's bedroom and touched her between June 3, 2006, and June 2, 2007, or any time reasonably close to that time period.  He also contends there was insufficient evidence he touched any part of her body on five separate occasions when he went into her bedroom.

In evaluating a claim of insufficient evidence, " ' we review the whole record to determine whether any rational trier of fact could have found the essential elements of the crime … beyond a reasonable doubt.  [Citation.]  The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citation.]  In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence.  [Citation.] "Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.  [Citation.]  We resolve neither credibility issues nor evidentiary

4

conflicts; we look for substantial evidence. [Citation.]" [Citation.] A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the jury's verdict.' " (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

A victim's statements provide sufficient evidence to support a conviction under section 288, subdivision (a), if the statements, "describe *the kind of act or acts committed* with sufficient specificity, both to assure that unlawful conduct indeed has occurred and to differentiate between the various types of proscribed conduct (e.g., lewd conduct, intercourse, oral copulation or sodomy). Moreover, the victim must describe the *number of acts* committed with sufficient certainty to support each of the counts alleged in the information or indictment (e.g., 'twice a month' or 'every time we went camping'). Finally, the victim must be able to describe *the general time period* in which these acts occurred (e.g., 'the summer before my fourth grade,' or 'during each Sunday morning after he came to live with us'), to assure the acts were committed within the applicable limitation period. Additional details regarding the time, place or circumstance of the various assaults may assist in assessing the credibility or substantiality of the victim's testimony, but are not essential to sustain a conviction." (*People v. Jones* (1990) 51 Cal.3d 294, 316 (*Jones*).)

Here, the evidence viewed most favorably to the prosecution shows Doe 2 told police she woke up "probably like five times" to discover Lara in her bedroom trying to pull down her pants. She also identified the house where she lived when these acts occurred and her age when she lived in the house. As required by *Jones*, *supra*, 51

5

Cal.3d at page 316, these statements describe the kind of acts with sufficient specificity to establish the acts occurred and amounted to lewd conduct, they describe the number of acts with sufficient certainty to support each of the challenged counts, and they describe the general time period in which the acts occurred to establish both that Doe 2 was under 14 at the time and that the acts occurred within the applicable limitations period. Thus, they provide sufficient evidence to support Lara's convictions for counts 8 through 12. (*People v. Crow* (1994) 28 Cal.App.4th 440, 446-447.)

Nonetheless, Lara contends we must reverse the convictions in counts 8 through 12 because the information alleged the lewd acts occurred between 2006 and 2007, when Doe 2 was seven, and Doe 2's statements to police indicate the lewd acts occurred at a home where she lived when she was nine. We agree the evidence shows the lewd acts occurred later in time than the information alleged. This conclusion is amply supported not only by Doe 2's statements about where she lived at what age, but also by her statements about her sibling's age at relevant times.[3] We disagree, however, that the variance requires reversal of Lara's convictions.

"The precise date on which an offense was committed need not be stated in an accusatory pleading unless the date is material to the offense (§ 955), and the evidence is not insufficient merely because it shows the offense was committed on another date." (*People v. Peyton* (2009) 176 Cal.App.4th 642, 660.) The date range alleged in the

---

[3] Although Doe 2's sibling is not involved in this case, Doe 2 told police her sibling's current age and the sibling's age at the time of the lewd acts. The statements indicate the lewd acts occurred four years before the police interview. Doe 2 was 13 at the time of the police interview.

information was not material to the offenses charged in counts 8 through 12 as these offenses only required proof that, at the time of their commission, Doe 2 was under age 14 and Lara was more than seven years older than her—facts Lara does not dispute. In addition, Lara did not raise alibi or statute of limitations defenses or otherwise show he was prejudiced by the variance. (*Id.* at p. 661; *People v. Obremski* (1989) 207 Cal.App.3d 1346, 1354 ["[w]here alibi is not a defense, the prosecution need only prove the act was committed before the filing of the information and within the period of the statute of limitations"].) Accordingly, Lara has not established the variance between the date range alleged in the information and the proof at trial resulted in insufficient evidence to support his convictions for counts 8 through 12.

Lara's remaining claims are premised on the theory the offenses charged in counts 8 through 12 were committed before September 20, 2006. We need not decide these claims given our agreement with Lara that the evidence shows these offenses were committed in 2008, when Doe 2 was nine.

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

HALLER, J.

IRION, J.

7